This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO. 30,935**

**JESUS SENA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert Mitchell, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals from the order revoking his probation. [RP 163] This Court's first calendar notice proposed summary affirmance. [CN1] Defendant filed a memorandum in opposition, as well as a motion to amend the docketing statement. [MIO] This Court's second calendar notice proposed to deny the motion to amend the docketing statement, proposed summary affirmance on original Issues 1, 2, and 3, and proposed summary reversal on original Issue 4. Defendant has filed a memorandum in opposition, stating that he continues to believe that the motion to amend the docketing statement has merit and that he continues to oppose summary affirmance on original Issues 1-3, and he agrees with summary reversal on Issue 4. Defendant's memorandum adds no new facts or legal authority, and we remain persuaded that the analysis in the second calendar notice was correct and appropriate. The State has filed a notice of non-opposition to proposed summary reversal on Issue 4. We deny Defendant's motion to amend; we affirm on original Issues 1, 2, and 3; and we reverse and remand on original Issue 4.

**DISCUSSION**

**Motion to Amend the Docketing Statement**

Defendant's motion to amend proposes adding the following issue: whether the district court erred when it impliedly denied Defendant's pro se habeas corpus petition. Defendant moved the district court to dismiss the State's motion to revoke

probation, on the basis that Rule 5-805 NMRA requires an adjudicatory hearing be held within sixty days of the initial hearing and the adjudicatory hearing in Defendant's case commenced nearly six months after his arraignment on the probation violation. [MIO 1, 9] We deny the motion to amend.

Defendant's memorandum indicates that the district court was aware of the petition but did not rule on it. [MIO 6] It is unclear whether Defendant requested that the district court make a ruling on the petition. In any case, in the event the district court's action in not ruling on the petition can be considered to be a denial of it, this Court does not have jurisdiction to review the district court's denial of a habeas corpus petition. *See* Rule 5-802(H)(2) NMRA (giving the Supreme Court exclusive jurisdiction over habeas appeals). We deny Defendant's motion to amend the docketing statement to add this issue.

**Issues 1-2: Sufficiency of the Evidence and the Standard for Finding a Probation Violation**

Defendant relies on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658, 712 P.2d 1, 4 (Ct. App. 1985) to support his contentions that there was insufficient evidence to support a revocation of his probation and that the district court applied the wrong legal standard in determining that Defendant had violated his probation. [MIO 26] We affirm.

"[P]roof presented at probation revocation hearings need only establish

3

reasonable certainty to satisfy the trial court of the truth of the violation, and need not be proof beyond a reasonable doubt." *State v. Sanchez*, 2001-NMCA-060, ¶ 11, 130 N.M. 602, 28 P.3d 1143. The State presented evidence that Defendant violated his probation by testing positive for methamphetamine in a urine analysis test and then admitting to having smoked methamphetamine two days before the test. [RP 75, ¶ 1; RP 152] We see no reason why this evidence would be insufficient to prove by a reasonable certainty that Defendant violated his probation. Moreover, the fact that Defendant asserts that the district court judge may have determined that the State's evidence was clear and convincing, rather than that a violation was proven by a reasonable certainty, was not preserved for this Court's review on appeal. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon).

Further, the district court's written order revoking Defendant's probation does not use the words clear and convincing. [RP 163] Defendant does not indicate how the alleged application of a clear and convincing standard prejudiced him when a clear and convincing standard may be equivalent to/or a higher standard than the reasonable certainty standard. *State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct.

App. 1994) ("In the absence of prejudice, there is no reversible error."); *see In re Ernesto M.,* 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

We affirm the district court's order revoking Defendant's probation.

**Confrontation**

Since we issued the first calendar notice in February 2011, the New Mexico Supreme Court has published its opinion in *State v. Guthrie*, 2011-NMSC-014, __ N.M. __, __ P.3d __. In *Guthrie*, our Supreme Court clarified that the standard established in *State v. Phillips*, 2006-NMCA-001, 138 N.M. 730, 126 P.3d 546, was "unnecessarily preoccupied with the reason a witness is absent, instead of considering whether confrontation of the witness is essential to the truth-finding process in the context of probation revocation." *Guthrie*, 2011-NMSC-014, ¶ 2. Our Supreme Court's opinion in *Guthrie* overruled *Phillips* and reversed the Court of Appeals opinion, establishing that the need-for-confrontation analysis is a "kind of spectrum or sliding scale."

> On one end of the spectrum, where good cause for not requiring confrontation is likely, we would include situations in which the state's evidence is uncontested, corroborated by other reliable evidence, and documented by a reliable source without a motive to fabricate, or possibly situations where the evidence is about an objective conclusion, a routine recording, or a negative fact, making the demeanor and credibility of the witness less relevant to the truth-finding process. On this side of the good-cause spectrum, live testimony and cross examination offer almost

5

no utility to the fact-finding process.

> On the "no good cause" end of the spectrum, evidence is contested by the defendant, unsupported or contradicted, and its source has a motive to fabricate; it is about a subjective, judgment-based observation that is subject to inference and interpretation, and makes a conclusion that is central to the necessary proof that the defendant violated probation. In such a case, the state's failure to produce the witness, for almost any reason, deprives a defendant of due process. Between the two extremes there is no bright-line rule for determining good cause[.]

*Id.* ¶¶ 40, 41.

We hold that the State's evidence presented to support Defendant's probation violation is on the "good cause" end of the spectrum; that is, there is good cause for not requiring confrontation in this case. The probation officer who did testify produced a document from the records on Defendant's probation, written in Defendant's handwriting and with Defendant's signature, in which Defendant admitted to smoking methamphetamine while on probation contrary to the terms and conditions of his probation agreement. [RP 151-52] Defendant did not deny that the document was his statement and an admission, in his own handwriting and with his signature, to a violation of the terms and conditions of his probation agreement.

We affirm the district court's decision to admit the testimony of the probation officer who was present at the hearing and the document containing Defendant's admissions.

**Abscond Time**

6

The district court's decision to add 53 days abscond time to Defendant's sentence was based on taking judicial notice of the time between when a bench warrant was issued on January 16, 2010, for Defendant's failure to appear, and when the bench warrant was served on Defendant on March 10, 2010. [RP 160, 163] The applicable statute, NMSA 1978, Section 31-21-15 (1989), and our case law require the State to prove that: (1) the State unsuccessfully attempted to serve the warrant on the defendant, or (2) any attempt to serve the defendant would have been futile. *See State v. Jimenez*, 2004-NMSC-012, ¶ 8, 135 N.M. 442, 90 P.3d 461.

In this case, the State failed to introduce sufficient evidence to satisfy its burden of proof under the statute and the case law. The State only established that Defendant failed to report to his probation officer after November 19, 2009, and that efforts to locate him proved unsuccessful. [MIO 23] The State did not show that it entered the bench warrant into the National Crime Information Center database, it did not introduce evidence concerning what steps were taken to actually serve Defendant, and it failed to establish that the warrant could not be served on Defendant with reasonable diligence. [MIO 24]

As mentioned above, the State has filed a notice of non-opposition to the proposed reversal on this issue. [Ct. App. File] Because the district court erred in adding 53 days of abscond time onto Defendant's sentence, we reverse and remand

for correction of the order revoking probation, [RP 163] giving Defendant credit for time spent on probation from January 16, 2010 through March 10, 2010.

**CONCLUSION**

We deny Defendant's motion to amend the docketing statement; we affirm on Issues 1, 2, and 3; and we reverse and remand on Issue 4.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**