Certiorari Denied, August 20, 2014, No. 34,809

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2014-NMCA-091**

**Filing Date: June 11, 2014**

**Docket No. 32,577**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

**v.**

**JESSIE PAUL SOSA,**

       **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Angelica Hall
Albuquerque, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

**{1}** The legal issue presented in this appeal is whether a district court can exercise jurisdiction over a defendant after the expiration of a probationary term for the limited purpose of determining fugitive status under NMSA 1978, Section 31-21-15(C) (1989) when the defendant is returned to custody in New Mexico prior to the expiration of the original probationary term. We hold that it can and that the district court did not err in determining

1

that Defendant Jessie Paul Sosa had been a fugitive from justice for a portion of his probationary term, in denying credit for the time Defendant was a fugitive, and thereby extending its jurisdiction over Defendant. We also hold that the district court applied the appropriate test to determine fugitive status in this case and that its finding concerning fugitive status was supported by sufficient evidence. We affirm the district court's revocation of probation.

**BACKGROUND**

**{2}**     Defendant was sentenced on April 3, 2007 to twenty-four years of incarceration with two years of parole. The court suspended the sentence and ordered Defendant to be placed on five years of supervised probation with a credit of one hundred and three days of pre-sentence confinement. On December 27, 2010, the State filed a petition to revoke Defendant's probation in which, among other violations, it alleged that Defendant failed to report to his probation officer on October 20, 2010 and that Defendant was a "fugitive from justice because a warrant for his return cannot be served." A bench warrant was issued on December 28, 2010 and, on January 3, 2011, the warrant was entered into the National Crime Information Center database. On July 16, 2011, Defendant was arrested in the state of Georgia and, on August 4, 2011, he was returned to custody in New Mexico. A hearing on the State's petition to revoke Defendant's probation was set for August 31, 2011. Ultimately, the hearing was not held until almost one year later, on August 1, 2012. Among the reasons for the delay were two motions to continue by Defendant, one of which included Defendant's waiver of time requirements to adjudicate the probation violation.

**{3}**     On July 30, 2012, Defendant filed a motion to dismiss the State's petition to revoke probation. Defendant argued that the State's petition to revoke probation must be dismissed because the district court lost jurisdiction to revoke his probation on December 23, 2011, when his original probation term of five years less one hundred and three days expired. Defendant argued that under *State v. Lara*, 2000-NMCA-073, ¶ 11, 129 N.M. 391, 9 P.3d 74, the court could not revoke Defendant's probation after December 23, 2011, even for probation violations committed and revocation motions filed prior to that date.

**{4}**     At the August 1, 2012 hearing, the State argued that the district court retained jurisdiction because Defendant was a fugitive from October 20, 2010 to August 4, 2011 and, therefore, Defendant's term of probation was tolled between those dates. Defendant initially disputed the tolling dates offered by the State, asserting that he could not be declared a fugitive prior to the December 28, 2010 warrant. Defendant changed his position later in the hearing; he proffered to the court an arrest order issued by the Department of Corrections Adult Probation and Parole on October 15, 2010 and conceded that this order provided a basis for finding that Defendant was a fugitive from justice. The State offered to present evidence of its attempts to serve Defendant, but Defendant stated that he would not dispute those efforts. The court subsequently found that by stipulation of the parties the State was "due and diligent in its efforts to prepare and serve an arrest warrant on . . . Defendant." The court further found that Defendant was a fugitive from October 20, 2010 to August 4, 2011,

tolled Defendant's time served on probation for that period, and denied Defendant's motion to dismiss for lack of jurisdiction. It revoked Defendant's probation and sentenced him to ten years of incarceration to be followed by five years of supervised probation.

**{5}** Defendant timely appealed. He argues that the district court committed error when it exercised jurisdiction to toll his probation because he was back in custody when the original period of his probation expired and, on the date of expiration, the court had yet to revoke his probation. Defendant also argues that the court failed to apply the appropriate test to determine whether he was a fugitive and that the finding that he was a fugitive was not supported by substantial evidence.

**STANDARD OF REVIEW**

**{6}** In relevant part, Section 31-21-15(C) states that a probationer is a fugitive "[i]f it is found that a warrant for the return of a probationer cannot be served[.]" Defendant's jurisdictional challenge requires that we determine whether the district court properly applied Section 31-21-15(C) to the facts of this case. Defendant thereby raises a question of law that we review de novo. *See State v. Neal*, 2007-NMCA-086, ¶ 16, 142 N.M. 487, 167 P.3d 935 (holding that review of the construction of a sentencing statute is de novo). A jurisdictional challenge may be raised "at any time, even after judgment and for the first time on appeal." *N.M. Livestock Bd. v. Dose*, 1980-NMSC-022, ¶ 5, 94 N.M. 68, 607 P.2d 606.

**{7}** A district court's determination of whether a probationer is a fugitive must be supported by substantial evidence. *State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. When we review for substantial evidence, we "resolve all disputed facts in favor of the [district] court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary." *Jimenez*, 2004-NMSC-012, ¶ 14 (internal quotation marks and citation omitted).

**TOLLING WAS APPROPRIATE UNDER SECTION 31-21-15**

**{8}** A court generally loses jurisdiction to revoke probation when the term of probation expires, even when the probation violation took place during the term of probation and a motion to revoke probation was filed prior to the expiration of the probationary term. *See State v. Ordunez*, 2012-NMSC-024, ¶ 9, 283 P.3d 282 (stating that our statutes have for decades been interpreted by our courts "as depriving courts of jurisdiction to revoke probation or to impose any sanctions for violation of probation conditions once the probationary period has expired, even for violations occurring and revocation motions filed before expiration of probation"). Accordingly, a motion to revoke probation must be heard and ruled upon prior to the end of a defendant's term of probation. *See Lara*, 2000-NMCA-073, ¶ 12 ("If the [s]tate seeks a certificate of unsatisfactory completion, it must obtain an

3

order of the court prior to the end of the defendant's probation term."). However, our Legislature has provided an exception. Under Section 31-21-15(C), a court may effectively toll the probationary term for the time a probationer is found to be a fugitive from justice. A probationer is a fugitive when the State can prove either that it unsuccessfully attempted to serve a warrant on the probationer, or any such attempt would have been futile. *Jimenez*, 2004-NMSC-012, ¶ 8.

{9}     Under our case law, a district court retains jurisdiction for the purpose of applying Section 31-21-15(C) when a fugitive probationer is arrested and brought before the court after the expiration of the original term of probation. *See State v. Apache*, 1986-NMCA-051, ¶ 12, 104 N.M. 290, 720 P.2d 709 (holding that a court retains jurisdiction to determine fugitive status "regardless of whether this occurs before or after the date on which probation was originally to have expired"). This case presents a related question. Defendant argues as a matter of law that when a probationer who was a fugitive is returned to the jurisdiction of the court prior to the end of the term of probation, the court loses jurisdiction even to determine fugitive status under Section 31-21-15(C) upon the expiration of the probationary period. Under this theory, Defendant argues that because he was returned to the jurisdiction prior to the December 23, 2011 expiration of his original probationary term, and the court did not issue a ruling determining that he had been a fugitive by the date his probationary period ended, the court's jurisdiction over Defendant ended when his probationary term ended—on December 23, 2011.

{10}     As we have noted, Section 31-21-15(C) provides that if a warrant for the return of a probationer cannot be served, the probationer is a fugitive. Defendant argues for a narrow construction of Section 31-21-15(C), under which a court could never retain jurisdiction to determine fugitive status after the end of the probationary period when a warrant can be served at the time the original probationary period ends. Defendant grounds his interpretation in (1) the plain language of Section 31-21-15(C), which ties fugitive status to the State's inability to serve a warrant, and (2) a sentence from our unpublished memorandum opinion in *State v. Torres*, in which this Court stated that "[o]nce the [s]tate failed to prove that [the defendant] had been a fugitive during the final portion of his probation, it effectively conceded that jurisdiction to revoke probation was lost." No. 29,067, mem. op. *4 (N.M. Ct. App. Sept. 8, 2010) (non-precedential). Defendant further argues that this case is controlled by *Lara*, *Ordunez*, and other cases that articulate the general rule that a court loses jurisdiction to issue an order revoking probation upon expiration of the probationary period. Defendant's view that this case is within the ambit of the *Lara* line of cases follows from Defendant's proposed reading of Section 31-21-15(C). But, for the reasons that follow, we cannot agree with Defendant's narrow construction.

{11}     The touchstone of our interpretation of Section 31-21-15(C) is to give effect to the intent of the Legislature. *Griego v. Oliver*, 2014-NMSC-003, ¶ 20, 316 P.3d 865. The purpose of Section 31-21-15(C) is to "ensure that probationers could not defeat the [district] court's authority to revoke probation by absconding from the jurisdiction." *Apache*, 1986-NMCA-051, ¶ 10. Defendant's proposed construction of Section 31-21-15(C) would

4

undermine this legislative purpose in at least three ways. First, under Defendant's proposed construction, a probationer who absconded from the court's jurisdiction such that a warrant could not be served, but purposely returned to custody without sufficient time for court to hold a hearing and issue an order on the probationer's fugitive status—a return, such as, the day before the expiration of probation—would defeat the trial court's authority to revoke probation by absconding. We are confident that our Legislature did not intend to condone or authorize such behavior or results. *See State v. Davis*, 2003-NMSC-022, ¶ 13, 134 N.M. 172, 74 P.3d 1064 (stating that we do not construe statutes in a manner leading to absurd results). Second, Defendant's proposed construction would lead to arbitrary results, and such constructions are disfavored. Under Defendant's construction of Section 31-21-15(C), a fugitive who is returned to custody in New Mexico just prior to the end of a probationary term is likely to escape the consequence of absconding, whereas one who returned to the jurisdiction well before or just after the end of a probationary term would not. *Cf. State v. Frazier*, 2007-NMSC-032, ¶ 10, 142 N.M. 120, 164 P.3d 1 (declining to interpret our felony murder statute to lead to arbitrary outcomes without language from the Legislature indicating that it intended such a result). Third, Defendant's construction of Section 31-21-15(C) runs counter to the deeply-rooted maxim that one should not benefit from one's own wrongdoing. *See Proper v. Mowry*, 1977-NMCA-080, ¶ 69, 90 N.M. 710, 568 P.2d 236 (stating that "[w]e have consistently followed the ethical maxim that no party can profit by his own wrong" (internal quotation marks and citation omitted)).

**{12}** Defendant's reliance on *Torres* is misplaced. The facts in *Torres* are different from the facts in this case. In *Torres*, the probationer became an absconder toward the end of his probationary period and remained so until well after his original probationary term ended. No. 29,067, mem. op. *1. Because the State was unable to prove sufficient effort on its part to serve a warrant or the futility of such efforts, the probationer in *Torres* was held not to be a fugitive. *Id.* *3. The State asked for a remand to determine the appropriate amount of credit due the probationer, given the fact that he was not a fugitive and, therefore, tolling was disallowed. *Id.* *4. This Court refused because, without tolling, there was nothing to calculate and no basis for further jurisdiction. *Id.* The language from *Torres* on which Defendant relies—"[o]nce the [s]tate failed to prove that [the defendant] had been a fugitive during the final portion of his probation, it effectively conceded that jurisdiction to revoke probation was lost"—does not support Defendant's reading of Section 31-21-15(C). *Id.* Instead, the language from *Torres* means that because the facts did not support a finding that the probationer was a fugitive during the final time period of his probation when he was an absconder, there was no basis to deny him probationary credit for that time, and the district court, therefore, lost jurisdiction for anything but the already-decided hearing on his fugitive status.

**{13}** We recognize the merit of Defendant's concern that the district court cannot maintain jurisdiction "for an indefinite duration" after the end of a probationer's term of probation for the purpose of determining whether fugitive status allows for tolling. But this concern is equally present when a probationer is returned to the jurisdiction after the end of a probationary term. Defendant does not challenge that a court can determine fugitive status

5

under that circumstance. *See Apache*, 1986-NMCA-051, ¶ 12 (holding that a court retains jurisdiction to determine fugitive status "regardless of whether this occurs before or after the date on which probation was originally to have expired"). Similar due process concerns exist whether a probationer is returned to the jurisdiction before or after the end of the probationary period and, given the purpose of Section 31-21-15(C), there is no reason to treat the former differently from the latter. Of course, we agree with Defendant that a court does not retain indefinite jurisdiction even for the limited purpose of determining fugitive status, but this constraint does not mean that we must adopt Defendant's narrow construction of Section 31-21-15(C).

**{14}** Section 31-21-15(C) allows a court to exercise jurisdiction over a probationer after the expiration of the probationary term for the limited purpose of determining fugitive status even when a fugitive defendant is returned to custody in New Mexico prior to the expiration of the original probationary term.

## THE DISTRICT COURT UTILIZED THE APPLICABLE TEST TO RULE THAT TOLLING WAS APPROPRIATE

**{15}** Defendant also asserts that the district court committed error when it determined that Defendant was a fugitive because the court failed to apply the appropriate test. A probationer is a fugitive only when the State can prove either that: (1) it attempted to serve a warrant but was unsuccessful, or (2) any such attempt would have been futile. *Jimenez*, 2004-NMSC-012, ¶ 8; *State v. Thomas*, 1991-NMCA-131, ¶ 10, 113 N.M. 298, 825 P.2d 231, *overruled on other grounds by Jimenez*, 2004-NMSC-012. Under this test, the State must demonstrate that it was diligent in attempting to bring the probationer before the court. *See Jimenez*, 2004-NMSC-012, ¶ 8 ("This test . . . requir[es] the [s]tate to act with due diligence in prosecuting defendants who violate the terms of their probation[.]"); *Neal*, 2007-NMCA-086, ¶ 34 ("At a minimum, the state must present some evidence that 'raises a reasonable inference that the warrant could not be served with reasonable diligence.'" (quoting *Thomas*, 1991-NMCA-131, ¶ 16)).

**{16}** The district court explicitly found that the State was "due and diligent" in its efforts to serve a warrant on Defendant. And although an explicit or formal finding that a probationer is a fugitive is not required, *Thomas*, 1991-NMCA-131, ¶ 12, in this case, the court made such a finding. Defendant has not demonstrated that the court failed to apply the correct test to determine that Defendant was a fugitive.

## SUBSTANTIAL EVIDENCE SUPPORTS THE COURT'S FINDING

**{17}** Defendant lastly contends that the State did not present sufficient evidence for the court to find that Defendant was a fugitive from justice and not merely an absconder. Defendant's contention, however, is undermined by the fact that he forestalled the State's offer to put on this evidence. The State notified the court that it had officers present to testify to their efforts to carry out the warrant and was prepared to offer evidence of its

efforts to serve Defendant, but Defendant interrupted, explicitly conceding the State's efforts. Additionally, Defendant verbally renounced his position that tolling applied no sooner than December 2010 while presenting the arrest order dated October 15, 2010 to the court. The court relied on the stipulation of the parties to find that the State was due and diligent in its efforts to serve Defendant to find that he was a fugitive from October 20, 2010. We therefore decline to hold that the district court's finding was unsupported by substantial evidence.

**CONCLUSION**

**{18}**    We affirm the district court's revocation of Defendant's probation.

**{19}    IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

7