This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. A-1-CA-36390**

**CLIFTON O'DELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Clifton O'Dell appeals from the district court's order revoking his probation. In this Court's notice of proposed disposition, we proposed to summarily reverse and remand. The State filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we reverse and remand.

{2}     In its memorandum in opposition, the State argues that an arrest order signed by a probation official should constitute an arrest warrant issued by the court, as contemplated by the statute regarding fugitive status. [*See* MIO 1-2] The State contends that, as such, the district court did not err in revoking Defendant's probation and finding that he was not entitled to credit for time served because he was a fugitive from justice beginning from the time that the probation official signed the arrest order. [*See* id.] The State additionally argues that the arrest order had "the same effect as a warrant and should be treated as such for purposes of the statute" [MIO 2] because it is the "legal equivalent" [MIO 8] and that the purpose and intent of the probation violation statute discussing fugitive status indicates that an arrest order should be treated as an arrest warrant [MIO 10-13]. The State does not dispute the facts identified by this Court in our calendar notice.

{3}     As we explained in our notice of proposed disposition, "[a] probationer is a fugitive when the [s]tate can prove either that it unsuccessfully attempted to serve *a warrant* on the probationer, or any such attempt would have been futile." *State v.*

*Sosa*, 2014-NMCA-091, ¶ 8, 335 P.3d 764 (emphasis added). [*See* CN 4] We reiterated our explanation that

> [o]ur cases have made it clear that the state must ordinarily prove that it issued *a warrant* for the probationer's arrest and entered it in the National Crime Information Center (NCIC) database in order to support a finding of fugitive status. *See* [*State v. Jimenez*, 2004-NMSC-012,] ¶¶ 3, 15[, 135 N.M. 442, 90 P.3d 461] (holding that the defendant was not a fugitive when the state obtained a bench warrant but did not introduce evidence that it entered the warrant in the NCIC database or that it attempted to serve the defendant with the warrant); [*State v.*] *Thomas*, [1991-NMCA-131, ¶¶ 17, 21,] 113 N.M. [298], 825 P.2d [231] (holding that the defendant was not a fugitive because the mere issuance of a warrant, without any evidence that the warrant was entered in the NCIC database, and without any showing that the state made any effort to locate or serve the defendant, is insufficient).

*State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935 (emphasis added). [CN 4] We therefore reiterated that *both* of the requirements for proving fugitive status *must* be present in order to toll the time a defendant served on probation: the issuance of a warrant for the probationer's arrest and entry of the warrant in the NCIC database. *See id.* [*See* CN 4]

{4}     In the present case, at the time of Defendant's probation revocation on April 21, 2016, the term of his probation had expired and no warrant had been issued by the court prior to such expiration. [*See* MIO 9] Thus, the only way the district court properly revoked the probation was if Defendant was a fugitive, thereby effectively tolling the probationary term. *See Sosa*, 2014-NMCA-091, ¶ 8. [*See* CN 3, 5] However, as explained in our calendar notice and above, fugitive status can only be

3

established by the issuance of a warrant by the court, prior to the expiration of the revocation. *See id.* ¶¶ 8-9 (stating that "[a] court generally loses jurisdiction to revoke probation when the term of probation expires, even when the probation violation took place during the term of probation and a motion to revoke probation was filed prior to the expiration of the probationary term" and that "a district court retains jurisdiction for the purpose of applying [NMSA 1978,] Section 31-21-15(C) [(2016)] when a *fugitive* probationer is arrested and brought before the court after the expiration of the original term of probation" (emphasis added)). [*See* CN 4] No such warrant was issued by the court prior to the expiration of Defendant's revocation. [*See* MIO 9] The State failed to prove both requirements for fugitive status, and, as such, the district court did not have jurisdiction to revoke Defendant's probation. *See Sosa*, 2014-NMCA-091, ¶ 8; *see also Neal*, 2007-NMCA-086, ¶ 31; *cf. Jimenez*, 2004-NMSC-012, ¶¶ 15-16 (determining that, if the state failed to prove the defendant's fugitive status, then the defendant would be entitled to credit for time served on probation).

{5}      As indicated above, the State nevertheless argues that the probation office's arrest order should constitute a warrant issued by the court. [MIO 8] The State supports its argument with a policy argument that the purpose of the statute discussing fugitive status is to ensure that probationers cannot defeat the trial court's authority to revoke probation by absconding. [*See* MIO 9] While we do not disagree that this purpose is identified by this Court in case law, we are unpersuaded that this indicates

that a warrant issued by the trial court is not actually necessary to prove fugitive status. Indeed, the identified purpose itself states that probationers should not defeat the *trial court's* authority by absconding. [MIO 9] *See State v. Apache*, 1986-NMCA-051, ¶ 10, 104 N.M. 290, 720 P.2d 709. Contrary to the implication made by the State, the purpose stated in *Apache* neither states that the trial court's authority is defeated even when the trial court has not issued a warrant, nor states that a defendant is a fugitive from justice even when no warrant has been issued for his arrest. *See id.* The other law cited by the State similarly refers to a warrant issued by *the court*, and not an arrest order issued by the probation office. [*See* MIO 9-13] The State's policy arguments are best made to the Legislature. *See Mira Consulting, Inc. v. Bd. of Educ., Albuquerque Pub. Sch.*, 2017-NMCA-009, ¶ 13, 389 P.3d 306 (stating that "policy arguments . . . call for legislative therapy and not judicial surgery" and that "[t]he Legislature knows how to include language in a statute if it so desires" (internal quotation marks and citations omitted)).

{6}     We additionally note that the State cites Section 31-21-15 to argue that the Legislature intended an arrest order issued by the probation office to equate to an arrest warrant issued by the court. [*See* MIO 10-11] The pertinent portion of the statute states that

> the director [of the field services division of the corrections department or any employee designated by him, *see* NMSA 1978, § 31-21-5(E) (1991),] may arrest a probationer without warrant or may deputize any

officer with power of arrest to do so by giving the officer a written statement setting forth that the probationer has, in the judgment of the director, violated the conditions of the probationer's release. *The written statement, delivered with the probationer by the arresting officer to the official in charge of a county jail or other place of detention, is sufficient warrant for the detention of the probationer.* Upon the probationer's arrest and detention, the director shall immediately notify the court and submit in writing a report showing in what manner the probationer has violated the conditions of release.

Section 31-21-15(A)(3) (emphasis added). This Statute does not confer fugitive status on a defendant. Rather, it merely gives permission for the arrest and detention of a defendant once the probation office has issued an arrest order. Indeed, we are unpersuaded that the language emphasized by the State, "[t]he written statement, delivered with the probationer by the arresting officer to the official in charge of a county jail or other place of detention, is sufficient *warrant* for the detention of the probationer," means that the arrest order *is* or should *suffice as* an arrest warrant. [*See* MIO 11] Rather, the sentence means that the detention of the probation is *warranted* by the arrest order. Context provides the appropriate definition of "warrant" in the statute.

{7}     We therefore conclude that our law is clear that Defendant was not a fugitive from justice at the time his probation was revoked because his probation period had, in fact, expired without a warrant having been issued by the court. *See Sosa*, 2014-NMCA-091, ¶ 8; *Neal*, 2007-NMCA-086, ¶ 31; *see also* Rule 5-208(D); § 31-21-

6

15(A). Moreover, we again stress that policy arguments raised by the State are best made to the Legislature. *See Mira Consulting, Inc.*, 2017-NMCA-009, ¶ 13.

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we conclude that the district court erred in determining that Defendant was a fugitive and tolling his probationary period from the date the probation office issued the arrest order. We therefore reverse the order revoking Defendant's probation and remand for further proceedings in accordance with this opinion.

**{9}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**EMIL J. KIEHNE, Judge**