This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38489**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HECTOR A. ROSALES a/k/a
CLINTON KEITH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY
Jarod A. Hofacket, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's order revoking his probation for multiple violations. Unpersuaded by the amended docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a combined memorandum in opposition and motion to amend the docketing statement. Having duly considered Defendant's response to our notice, we deny the motion to amend and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support the revocation of his probation; [ADS 4; MIO 7-8] and he contends that the district court improperly denied probation credit based on a finding that Defendant absconded. [ADS 4; MIO 5-7] Our notice set forth the multiple violations the State alleged that Defendant committed, [CN 2] referred to the record where the evidence the State presented to support the violations can be found, [CN 3] and proposed to hold that it was sufficient to support the district court's findings. [CN 3] We also noted that "if there is sufficient evidence to support just one violation, we will find the district court's order was proper." *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493. We explained that Defendant must demonstrate that all the alleged violations are unsupported. Defendant's response to our notice does not demonstrate that any of the violations lacked sufficient evidentiary support. Accordingly, we hold that substantial evidence supports all the probation violations found.

**{3}** Our notice further proposed to hold that the district court properly extended Defendant's probation based on its well-supported finding that Defendant absconded. [CN 3-4] The record shows the district court issued an arrest warrant for Defendant based on his removal of his GPS bracelet; and the State unsuccessfully attempted to find Defendant multiple times and serve the arrest warrant, the latter of which resulted in new charges against him for resisting, evading, or obstructing a peace officer. [2 RP 322-31, 340-43, 344] Defendant remained at large until he was ultimately arrested almost four months after the arrest warrant was issued. [2 RP 369, 357-58, 371-72] We proposed to conclude that this evidence was sufficient to establish that Defendant was a fugitive for that time period, and therefore, Defendant was not entitled to probationary credit for that time. *See State v. Sosa*, 2014-NMCA-091, ¶ 8, 335 P.3d 764.

**{4}** In response to our notice, Defendant contends it was unclear the State knew it was Defendant who fled from police when they tried to serve the arrest warrant. [MIO 7] Defendant does not refer us to the record to support this assertion, and the record suggests otherwise. [2 RP 342-43, 348-49, 387] It is the role of the district court, not this Court, to determine whether the officer knew it was Defendant who fled from police, where the officer testified Defendant fled from the attempted arrest. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). For the above-stated reasons and those stated in the notice, we hold that Defendant did not establish error in the finding that Defendant absconded.

**{5}** Lastly, Defendant seeks to amend the docketing statement to add his contention that the district court should have dismissed the petitions to revoke his probation based on violations of the time limits set forth in Rule 5-805(G) and (H) NMRA. [MIO 8-11]

**{6}** In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first

time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael,* 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{7}     Initially we note that Rule 5-805(L) makes dismissal for violation of the time limits discretionary with the district court. In light of Defendant's failures to contact the probation office; his removal of his GPS bracelet; and his other efforts to elude apprehension for his mounting probation violations, Defendant's challenge to the district court's refusal to dismiss the petitions for the failure to more timely apprehend him and hold hearings on these violations lacks merit. We also observe that Defendant waived the time limits on the first two petitions. [MIO 10] He was arrested on the March 4, 2019, arrest warrant on June 30 or July 1, 2019; [2 RP 369, 357-58, 371-72] he was arraigned on July 15, 2019; [MIO 10] and the adjudicatory hearing was held on August 12, 2019. [2 RP 384-88] This seems to comply with the time limits in Rule 5-805(G)(5) and (H), and, to the extent it does not, Defendant does not sufficiently allege an abuse of discretion. Accordingly, we deny the motion to amend because it does not present a viable issue.

{8}     For the reasons set forth in the notice and in this opinion, we affirm the district court's order revoking his probation.

{9}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**