2004-NMSC-012

90 P.3d 461

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Anthony L. JIMENEZ, Defendant–Petitioner.**

**No. 27,848.**

Supreme Court of New Mexico.

March 31, 2004.

John Bigelow, Chief Public Defender, Shei-
la Lewis, Assistant Appellate Defender, San-
ta Fe, for Petitioner.

Patricia A. Madrid, Attorney General, Ani-
ta Carlson, Assistant Attorney General, San-
ta Fe, for Respondent.

## OPINION

MINZNER, Justice.

{1}  We previously issued an opinion dis-
missing as moot the above-entitled and num-
bered appeal.  The State timely filed a mo-
tion for rehearing pursuant to Rule 12–404
NMRA 2004.  The State's motion is well-
taken, so we withdraw our prior opinion and
issue this opinion in its place.  We (1) re-
verse the Court of Appeals' holding that De-

fendant was required to preserve the issue of whether he was entitled to credit against his sentence under NMSA 1978, § 31–21–15(B) (1989) for time served on probation, *see State v. Jimenez*, 2003–NMCA–026, ¶ 25, 133 N.M. 349, 62 P.3d 1231; (2) hold that the district court's implicit finding that Defendant was a "fugitive" under Section 31–21–15(C) was not supported by substantial evidence; and (3) remand the case to the district court for an evidentiary hearing on whether Defendant was entitled to credit for "time served on probation," § 31–21–15(B).

**I**

{2} On January 4, 1999, Defendant pleaded guilty to residential burglary. At sentencing, on March 5, the district court imposed a deferred sentence of three years, and Defendant was placed on probation. When the district court sentenced Defendant, he was ordered to report immediately to the probation office. Defendant called the probation office and made an appointment for April 13. He failed to appear for the appointment. Defendant spoke with his probation officer several days later on the telephone and made another appointment. Defendant failed to appear for this appointment. On May 24, Defendant's probation officer telephoned Defendant's attorney in an attempt to contact Defendant. Defendant's attorney told the probation officer to give him until June 1; however, the probation officer did not hear from the attorney by that date. On May 28, Defendant's probation officer attempted to visit him at his last known address and was notified that Defendant did not live at that address. On June 1, his probation officer attempted to contact him by phone, but the number had been disconnected.

{3} On July 16, the State filed a petition to revoke Defendant's probation and asked the district court to issue a bench warrant. Shortly thereafter, on July 19, the district court issued a bench warrant. However, there is no evidence in the record that the State ever attempted to serve Defendant with the warrant. Also, the warrant was never entered into the National Crime Information Center (NCIC) database. The NCIC

is the Federal Bureau of Investigation's crime database in which law enforcement agencies nationwide enter outstanding arrest warrants.

{4} Approximately two years later, Defendant was arrested in El Paso, Texas, on other charges. On May 10, 2001, the State filed a motion to quash the original bench warrant that was issued on July 19, 1999, and requested a new warrant be issued so Defendant could be returned to New Mexico. The State informed the district court that the original warrant had never been entered with NCIC or local law enforcement, and the warrant could not be located. A new bench warrant was issued, and Defendant was taken into custody on May 21, 2001. The next day Defendant was released on bond but failed to report to his probation officer.

{5} Defendant was arraigned on the probation revocation petition on July 2. The petition alleged that Defendant violated his probation by failing to report to the probation office. The probation officer filed an addendum to her report on July 27, stating that Defendant failed to report to the probation office. Defendant had not reported to the probation office when the probation violation hearing was held on August 23. At the probation revocation hearing, Defendant's probation was revoked, and he was sentenced to serve his original term of three years imprisonment to be followed by two years on parole. Defendant appealed his sentence on the ground that he was entitled under Section 31–21–15(B) to receive credit "for time served on probation," which he did not receive.

{6} The Court of Appeals noted that Defendant failed to raise the issue of credit for time spent on probation at the district court level. *Jimenez*, 2003–NMCA–026, ¶ 19, 133 N.M. 349, 62 P.3d 1231. The Defendant argued that the issue could be raised for the first time on appeal because the sentence was illegal. This argument was rejected because "the sentence without any credit was within the sentencing authority of the trial court and cannot be deemed illegal." *Id.* ¶ 20. Additionally, the Court read the record to show that Defendant never reported to the probation office, the probation officer was unable

to locate Defendant, and the address and telephone number provided by Defendant were false. *Id.* ¶ 23. Based on the record, the Court determined that the district court "made an implicit finding that the warrant would not have been able to be served despite the exercise of due diligence or that an attempt to serve it would have failed." *Id.* ¶ 24. The Court then held that the district court's implicit finding was "reasonable" and refused to address the issue as fundamental error. *Id.* The Court concluded that "[b]ecause Defendant failed to preserve the issue with regard to credit against his sentence for that period of time that he was placed on probation, [it would] not address it." *Id.* ¶ 25.

{7} We granted certiorari pursuant to NMSA 1978, § 34-5-14(B) (1972) and Rule 12-502 NMRA 2004. On August 27, 2003, we filed an opinion vacating the Court of Appeals' opinion and dismissing the appeal as moot because Defendant had been released from prison on March 21, 2003. On September 4, the State filed a motion for rehearing informing this Court that Defendant's term of parole will not expire until March 21, 2005, and thus the issue of whether Defendant was entitled to certain credit for time spent on probation has an effect on his period of parole. Consequently, we erred in vacating the Court of Appeals' opinion and dismissing the appeal as moot. We withdraw our prior opinion and address Defendant's appeal on the merits.

## II

■ {8} Defendant argues that he was entitled to credit for time served on probation and the district court erred by implicitly refusing to grant him such credit. Section 31-21-15(B) provides that, if a probation violation is established and the original imposition of sentence was deferred, "the court may impose any sentence which might originally have been imposed, but credit shall be given for time served on probation." Subsection (C) of that same statute provides:

If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that he [or she] has violated the provisions of his [or her] release, the court shall determine whether the time from the date of violation to the date of his [or her] arrest, or any part of it, shall be counted as time served on probation.

However, Sections 31-21-15(B) and (C), when read together, "indicate[ ] that all time served on probation shall be credited unless the defendant is a fugitive." *State v. Kenneman,* 98 N.M. 794, 798, 653 P.2d 170, 174 (Ct.App.1982). A defendant is entitled to credit for any time on probation, unless the State can show either (1) it unsuccessfully attempted to serve the warrant on the defendant *or* (2) any attempt to serve the defendant would have been futile. *State v. Thomas,* 113 N.M. 298, 301, 825 P.2d 231, 234 (Ct.App.1991). This test balances the competing policy goals of preventing defendants from avoiding the consequences of their probation by absconding, *see State v. Apache,* 104 N.M. 290, 291, 720 P.2d 709, 710 (Ct.App. 1986), and requiring the State to act with due diligence in prosecuting defendants who violate the terms of their probation, *see State v. Murray,* 81 N.M. 445, 450, 468 P.2d 416, 421 (Ct.App.1970).

■ {9} The State argues that Defendant failed to preserve the issue of credit in the district court and thus cannot raise the issue for the first time on appeal. *See Thomas,* 113 N.M. at 300, 825 P.2d at 233 (reviewing a similar claim for fundamental error); *Kenneman,* 98 N.M. at 798, 653 P.2d at 174 (declining to reach the State's argument that the defendant was a fugitive for purposes of denying credit for time served on probation because the State failed to raise the issue in the trial court). The Court of Appeals accepted the State's argument and determined that "questions of credit due and whether Defendant was a fugitive involve factual issues that must be raised and resolved in the trial court." *Jimenez,* 2003-NMCA-026, ¶ 18, 133 N.M. 349, 62 P.3d 1231. Under the facts of this case, we determine that Defendant can raise this issue for the first time on appeal.

{10} We believe that Defendant did not have sufficient notice that the court would consider his status as a fugitive to have

properly preserved this claim below. At the revocation hearing, the State did not refer to Section 31–21–15(C), request that the district court find Defendant to have been a fugitive, or ask the district court to deny credit for time served on probation. Instead, the State requested that the court find that Defendant violated his probation, find him to be an absconder, and impose the sentence authorized by law. The State's use of the word "absconder" refers to Defendant's failure to report for probation in the two probation violation reports filed in this case. As such, we cannot conclude that this word provided adequate notice to Defendant that he may be found a fugitive and denied credit pursuant to Section 31–21–15(C). In addition, the district court did not refer to Section 31–21–15(C) or Defendant's fugitive status at the hearing; the court merely revoked Defendant's probation and ordered him to serve the balance of his term. Finally, the petition to revoke Defendant's parole did not mention Section 31–21–15(C) or allege that Defendant was a fugitive. Thus, Defendant could not have known that his status as a fugitive was at issue until the district court filed its order revoking probation and denying Defendant credit for time served on probation.

{11} Under these circumstances, Defendant had no opportunity to object to the court's ruling at the time it was made, and thus, the failure to object does not prejudice his ability to raise this claim on appeal. Rule 12–216(A) NMRA 2004 ("[I]f a party has no opportunity to object to a ruling or order at the time it was made, the absence of an objection does not thereafter prejudice the party."); *accord Thomas*, 113 N.M. at 304, 825 P.2d at 237 (Hartz, J., specially concurring) ("[P]rior to the filing of the district court's sentence, Defendant did not have a fair opportunity to object to the district court's denial of probation credit pursuant to Section 31–21–15(C)."). We hold that Defendant was entitled to argue for the first time on appeal that the trial court erroneously denied him credit for time served on probation. To the extent that *Thomas* could be interpreted as inconsistent with this holding, it is hereby overruled.

{12} The State also argues that because Defendant never reported to probation or signed a probation order, he was never actually placed on probation. Section 31–21–15(B) allows credit only for "time *served* on probation." (Emphasis added.) Based on this language, the State argues that for Defendant's probation to be legally effective, he had to report to the probation office, open his file, and sign a probation order; having not performed these acts, Defendant did not serve any time on probation and is not entitled to any credit for time served. We hold, though, that Defendant was constructively on probation from the date of his sentencing. *See State v. Sublett*, 78 N.M. 655, 658, 436 P.2d 515, 518 (Ct.App.1968) ("[D]efendant was released without imprisonment under a suspended sentence and subject to conditions. At the time of such release, defendant was on 'probation' as that word is used in the Probation and Parole Act.").

{13} We recently affirmed that the district court has the power to revoke a defendant's probation for misbehavior occurring before the official commencement of probation. *State v. Rivera*, 2004–NMSC–001, ¶ 21, 134 N.M. 768, 82 P.3d 939. It would make little sense to hold on one hand that the district court has the power to revoke probation before the defendant reports to the probation office, while holding on the other hand the same defendant was not on probation when calculating credit under Section 31–21–15(B). While it is unfortunately true that Defendant did not take the opportunity for rehabilitation that is generally a benefit of probation, Section 31–21–15 "makes no mention of successful probation; it only makes provision for deductions in a section dealing with fugitives." *Kenneman*, 98 N.M. at 798, 653 P.2d at 174.

{14} We now reach the issue of whether Defendant was entitled to credit for time served on probation. Although the district court made no explicit finding on that issue, "we must examine the record to determine whether there was a sufficient showing to support the [district] court's implicit finding that the warrant could not be served on defendant." *Thomas*, 113 N.M. at 301, 825 P.2d at 234. On appeal, the district court's

447

decision regarding whether the defendant is entitled to credit or is instead a fugitive will be affirmed only if the decision is supported by substantial evidence. *See Apache,* 104 N.M. at 292, 720 P.2d at 711. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Rojo,* 1999–NMSC–001, ¶ 19, 126 N.M. 438, 971 P.2d 829. In determining whether there was substantial evidence, "we must resolve all disputed facts in favor of the trial court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary." *Thomas,* 113 N.M. at 302, 825 P.2d at 235. Using this standard, we conclude that the evidence in the record does not sufficiently demonstrate that Defendant was a fugitive under Section 31–21–15(C).

{15} Furthermore, the State's failure to enter the warrant into the NCIC database, which allows participating law enforcement agencies nationwide to check the criminal history of any person stopped, weighs heavily against a finding that the State acted with due diligence in this case. In *Apache,* the Court of Appeals affirmed the district court's conclusion that the defendant was a fugitive when "the trial court found that the arrest warrant was issued and placed in the normal channels for service." 104 N.M. at 292, 720 P.2d at 711. One of the "normal channels for service" in *Apache* was the entry of the warrant into the NCIC database. *Id.* at 291, 720 P.2d at 710. In this case, the State made no showing that the warrant was entered into the NCIC database, that it attempted to serve Defendant with a warrant, or that any attempt to serve Defendant would have been futile; therefore, we decline to affirm the district court.

{16} In this situation, "the proper remedy ... is to remand [to the district court] for a hearing limited to the issue of the proper credit to be given against the sentence." *Thomas,* 113 N.M. at 303, 825 P.2d at 236. If on remand the State can show that any attempt to serve Defendant would have been futile, *see, e.g., State v. McDonald,* 113 N.M. 305, 308, 825 P.2d 238, 241 (Ct.App.1991) (upholding a finding of fugitive status under Section 31–21–15(C) when the "defendant could not be taken into custody under the authority of the warrant because he was incarcerated in Arizona"), or that reasonable efforts were made to serve the warrant on Defendant, then the district court may properly deny Defendant credit for time served on probation from the date of his violation to the date of his arrest. Otherwise, Defendant must be given credit for the full time he was on probation.

III

{17} We hold that the district court erred in denying Defendant credit for time served on probation. Thus, we remand to the district court for an evidentiary hearing consistent with this opinion.

{18} **IT IS SO ORDERED.**

MAES, C.J., SERNA, J., CHAVEZ, J., and BOSSON, J. (recused), concur.