This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            NO.   31,106

**JOHNNY RAY BRAZEAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Court Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals from the revocation of his probation. We issued a notice of proposed summary disposition, proposing to uphold the underlying disposition.

Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Because the basis for the revocation of Defendant's probation was previously described in the notice of proposed summary disposition, we will not reiterate at length here. Succinctly stated, evidence was presented indicating that Defendant had failed to report to his probation officer during the week of August 16 through August 20, 2010 [DS 6-7] and that Defendant had violated various aspects of an electronic monitoring program with which he was required to comply. [DS 4-5] This evidence was sufficient to establish that Defendant violated the terms and conditions of his probation, such that the revocation of his probation was adequately supported. *See* NMSA 1978, § 31-21-15(B) (1989); *State v. Rivera*, 2004-NMSC-001, ¶ 21, 134 N.M. 768, 82 P.3d 939 (observing that the courts are vested with "broad discretion to sentence defendants to probationary terms and strictly monitor their compliance")*, and see, e.g., State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that the probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461.

In his memorandum in opposition Defendant asserts that his failure to report could have been rectified if he contacted his probation officer on the following

Monday, and contends that the State failed to demonstrate that he did not contact his probation officer on that date. [MIO 7] However, the State is not required to disprove every conceivable scenario which might explain away an apparent violation. The State is merely required to establish with "reasonable certainty" that a violation of probation occurred. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. Insofar as Defendant presented no evidence to indicate that he actually contacted his probation officer in a timely fashion, the district court acted well within its discretion in concluding that he failed to do so.

Defendant advances a similar argument in relation to the numerous reported violations of the electronic monitoring program, suggesting that technical problems might supply an explanation. [MIO 7] However, because the district court was at liberty to give the evidence such weight as it deemed appropriate, the district court could properly have rejected Defendant's various attempts to explain away the State's showing. *See generally State v. Martinez*, 108 N.M. 604, 606-07, 775 P.2d 1321, 1323-24 (Ct. App. 1989) (observing that the defendant bears the burden of demonstrating that his failure to comply with the terms of probation was not willful, and if the defendant fails to carry his burden, then revocation is within the court's discretion).

Finally, Defendant contends that the State failed to establish that he thoroughly understood "all of the intricacies associated with the GPS device" or the impact of committing "excessive violations." [MIO 7-8] Once again, Defendant's argument fails to reflect the limited nature of the State's burden. To the extent that Defendant takes issue with the willfulness of the violations, it was incumbent upon him, rather than the State, to make a persuasive showing. *Martinez*, 108 N.M. at 606-07, 775 P.2d at 1323-24. The district court's disposition reflects that he failed to do so.

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED**.


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**TIMOTHY L. GARCIA, Judge**