This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                                 **NO. 31,737**

**JOHN MARCUS NEAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals his sentence upon probation revocation. In particular, he contends that the district court erred in failing to give him credit for time he admittedly "absconded" from probation. In our notice, we proposed to affirm. Defendant has timely responded. We have considered his arguments and, finding them unpersuasive, affirm.

Defendant continues to argue that the State failed to prove that he was a fugitive. He argues that the State only established that Defendant failed to report to his probation officer and failed to appear for court on two different days. He argues that the State alleged only that he could not be found. This, he argues, is insufficient to show that the State was unsuccessful in any attempts to locate him.

As we pointed out in our notice, however, a warrant was issued for Defendant's arrest [RP 101] and was entered into the NCIC database. [RP 105] We have previously concluded that such evidence is sufficient to support a finding of fugitive status. *State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935. Defendant recognizes that a warrant was issued and that it was entered into the NCIC database. But, he argues, there was no evidence of an attempt to serve the warrant and there must be some showing of an attempt to locate the Defendant in order to serve the warrant.

Here, although there was no specific evidence presented that an attempt was made to serve the warrant, there was an admission made by Defendant that he failed to appear for court dates, that he could not be found and had not reported to his probation officer. We believe that this evidence "raises a reasonable inference that the warrant could not be served with reasonable diligence." *State v. Thomas*, 113 N.M. 298, 302, 825 P.2d 231, 235 (Ct. App. 1991), *overruled on other grounds by State v. Jiminez*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461 (1994). Therefore, we conclude that there was sufficient evidence to support the district court's implicit finding that Defendant was a fugitive so that it could deny him credit for time served on probation.

For the reasons stated herein and in the calendar notice, we affirm.

**IT IS SO ORDERED**.


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**

_____

**J. MILES HANISEE, Judge**