This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　**No. A-1-CA-35943**

**ANDREW ELLIS,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant has appealed from the revocation of his probation, specifically challenging the denial of credit for time served. Initially, we proposed to summarily affirm. Defendant filed a memorandum in opposition in which he revised his statement of the issue and supplied additional information. We then issued a second notice of proposed summary disposition, proposing to vacate the sentence and remand for further proceedings. Both parties have filed responsive memoranda. After due consideration, we conclude that the sentence must be vacated, and the matter remanded for further proceedings.

{2} To very briefly reiterate the pertinent background information, after Defendant's release from prison he failed to report to his probation officer, absconded to Nevada, and remained at large for a period of approximately seven months before he was apprehended there and incarcerated on separate charges. Once he completed his sentence in Nevada he was returned to New Mexico, his probation was revoked, and he was sentenced. The issue on appeal concerns the extent of his entitlement to credit for time served on probation.

{3} The relevant principles of law are well established. "[A]ll time served on probation shall be credited unless the defendant is a fugitive." *State v. Jimenez*, 2004-NMSC-012, ¶ 8, 135 N.M. 442, 90 P.3d 461 (internal quotation marks and citation omitted). The State bears the burden of establishing a defendant's status as a

fugitive, by demonstrating either that "it unsuccessfully attempted to serve [a] warrant on the defendant, or [that] any attempt to serve the defendant would have been futile." *Id.* "This test balances the competing policy goals of preventing [the] defendants from avoiding the consequences of their probation by absconding, and requiring the [s]tate to act with due diligence in prosecuting [the] defendants who violate the terms of their probation[.]" *Id.* (citation omitted).

{4}    In his first memorandum in opposition Defendant clarified that the State presented no evidence either that it attempted to serve a warrant on him, or that any such attempt would have been futile throughout the seven-month period during which he was at large in Nevada. In light of this information, we proposed to remand for further proceedings. *See State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935 ("Our cases have made it clear that the state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the National Crime Information Center (NCIC) database in order to support a finding of fugitive status."); *see, e.g.*, *Jimenez*, 2004-NMSC-012, ¶ 15 (declining to affirm an implicit finding that a defendant was a fugitive where the state "made no showing that the warrant was entered into the NCIC database, that it attempted to serve [the d]efendant with a warrant, or that any attempt to serve [the d]efendant would have been futile").

**{5}** Defendant agrees with the foregoing analysis, but he continues to argue that he should also receive credit for additional time during which he was incarcerated in Nevada. [Def. Resp. 1] For the reasons previously set forth in our notices of proposed summary disposition, we remain unpersuaded. *See State v. McDonald*, 1991-NMCA-132, ¶¶ 16, 22, 113 N.M. 305, 825 P.2d 238 (holding that a defendant who absconds to another jurisdiction is "a fugitive within the meaning of [NMSA 1978,] Section 31-21-15(C) [(2016)] if he cannot be taken into actual custody and brought before the court pursuant to the arrest warrant," and holding that where the defendant "could not be taken into custody under authority of a warrant because he was incarcerated in [another state,] the trial court . . . properly denied [the] defendant credit against his sentence for that period of time"); *cf. State v. Hinojos*, 2014-NMCA-067, ¶¶ 13-14, 327 P.3d 1120 (holding that where a defendant "was *voluntarily surrendered from the custody and physical control of this* [*s*]*tate directly to the custody and physical control of another state*," and remained continuously incarcerated at all relevant times, he could not be said to have absconded, and therefore he was not a fugitive (emphasis added)).

**{6}** In its memorandum in opposition the State agrees with our analysis relative to the period of time during which Defendant was incarcerated in Nevada. [State's MIO 10] However, it disagrees with our proposal to remand for further proceedings relative

to Defendant's status as a fugitive throughout the seven-month period between his release on probation in this state and his eventual arrest in Nevada on separate charges. [State's MIO 1-11]

{7} First, the State argues that Defendant did not raise this issue in his docketing statement, and to the extent that Defendant raised it in his memorandum in opposition, Defendant failed to seek leave to amend the docketing statement. [State's MIO 2-3] We regard this as a technical oversight, which does not preclude this Court from considering the question. *See State v. Baca*, 1990-NMCA-123, ¶¶ 6-7, 111 N.M. 270, 804 P.2d 1089 (illustrating this Court's liberal policy in favor of permitting amendments to docketing statements where viable issues are presented, notwithstanding oversight by counsel, and indicating that technical or mechanistic limitations are disfavored).

{8} Second, the State argues that it is unfair to consider the question of Defendant's status as a fugitive during the seven-month period in question, because Defendant entered a no-contest plea, because that specific seven-month timeframe was not the focus of discussion below, and because Defendant admitted that he absconded. [State's MIO 3-11] However, insofar as the State bore the burden of demonstrating that Defendant was a fugitive throughout the period of time during which it sought to deny him credit for time served, we perceive no unfairness, regardless of the parties'

failure to focus on the seven-month timeframe that is the object of our concern. *See Neal*, 2007-NMCA-086, ¶ 30 ("The [s]tate bears the burden of proving that the defendant is a fugitive."). Moreover, neither Defendant's entry of a plea to the probation violation, nor his admission to having absconded was sufficient to establish that he was a fugitive. *See id.* ¶ 31 ("Our cases have made it clear that the state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the . . . NCIC database in order to support a finding of fugitive status."); *see also Jimenez*, 2004-NMSC-012, ¶ 15 (declining to affirm an implicit finding that a defendant was a fugitive where the state "made no showing that the warrant was entered into the NCIC database, that it attempted to serve [the d]efendant with a warrant, or that any attempt to serve [the d]efendant would have been futile"). To the extent that the State failed to demonstrate that he was a fugitive, credit was improperly denied. *See id.* ¶ 8 (observing that "all time served on probation shall be credited unless the defendant is a fugitive" (internal quotation marks and citation omitted)).

{9} As we previously observed, the apparent lack of evidence in the record concerning Defendant's status as a fugitive throughout the relevant seven-month period is not determinative of his entitlement to credit. Rather, the appropriate procedure under the circumstances presented is to remand for further proceedings. "If on remand the [s]tate can show that any attempt to serve [the d]efendant would have

6

been futile, or that reasonable efforts were made to serve the warrant on [the d]efendant, then the district court may properly deny [the d]efendant credit for time served on probation from the date of his violation to the date of his arrest. Otherwise, Defendant must be given credit for the full time he was on probation." *Id.* ¶ 16 (internal citations omitted). We additionally note that remanding for further proceedings on this issue will further enable the district court to address any concerns or considerations which prompted it to enter an amended order during the pendency of the instant appeal. [State's MIO 10-11]

{10} Accordingly, for the reasons stated in the second notice of proposed summary disposition and above, we vacate the sentence and remand for further proceedings.

{11} **IT IS SO ORDERED.**

 

                                    _____

                                      **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**STEPHEN G. FRENCH, Judge**