This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39645**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**KATHRYN LOUISE SMILEY,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals a district court order revoking her probation and extending her probationary term based upon a finding of fugitive status, challenging the sufficiency of the evidence to support a finding that she was a fugitive. This Court issued a notice of proposed disposition proposing to reverse and the State has filed a memorandum in opposition to reversal. Having duly considered that memorandum, we are unpersuaded that our proposed disposition was in error and reverse.

**{2}** Because a finding of fugitive status requires "that a warrant for the return of a probationer cannot be served" NMSA 1978, § 31-21-15(C) (2016), the State must generally "prove that it issued a warrant for the probationer's arrest and entered it in the National Crime Information Center (NCIC) database." *State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935; *see State v. Jimenez*, 2004-NMSC-012, ¶ 15, 135 N.M. 442, 90 P.3d 461 (explaining that a failure to enter a warrant into the database "weigh[ed] heavily against a finding that the [s]tate acted with due diligence"). "At a minimum, the state must present some evidence that raises a reasonable inference that the warrant could not be served with reasonable diligence." *Neal*, 2007-NMCA-086, ¶ 34 (internal quotation marks and citation omitted).

**{3}** In this case, the State offered no direct evidence that the warrant was entered in the NCIC database. [MIO 3] The State's memorandum in opposition to summary reversal, however, points out that the district court nonetheless made a relevant finding at the revocation hearing relying upon circumstantial evidence. [Id.] That finding was based upon the fact that the warrant, when eventually served, was served by an officer of the Clovis Police Department, who presumably would not have been aware of the warrant were it not in the database. [MIO 4] Our notice of proposed disposition, however, suggested

> that the absence of any evidence the warrant was entered into the NCIC database, particularly when coupled with an apparent delay of five and one-half months between the issuance of the warrant and any attempt to serve it "weighs heavily against a finding that the State acted with due diligence in this case." *Jimenez*, 2004-NMSC-012, ¶ 15. On the basis of these facts, we propose to agree that the evidence summarized in Defendant's docketing statement is insufficient to support the district court's finding that Defendant was a fugitive for seven months.

[CN 3]

**{4}** Even crediting the inference that, when it was eventually served the warrant was in the database, we are not persuaded that there is evidence that Defendant was a fugitive for seven months. A finding that the warrant had been recorded in NCIC on the date of Defendant's arrest, seven months after it was issued, does not establish that it could not be served on her for the preceding seven months. *See* § 31-21-15(C) (requiring the district court to "determine whether the time from the date of violation to the date of the probationer's arrest, *or any part of it*, shall be counted as time served on probation" (emphasis added)).

**{5}** In the absence of any evidence regarding when the warrant was recorded in the NCIC database, we are not persuaded there was sufficient evidence to conclude that Defendant was a fugitive for seven months in which "a warrant for [her] return . . . [could] not be served." *Id.* Accordingly, we reverse the district court's finding that Defendant was a fugitive and remand for a hearing to determine Defendant's correct probation term.

**{6}** IT IS SO ORDERED.

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**