This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40366**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**FELIPE JUAREZ,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Andrew Coffing, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}**     Defendant Felipe Juarez appeals the denial of his motion for satisfactory discharge from probation and the subsequent revocation of his probation. He argues that the district court erred in finding he was a fugitive, which allowed the district court to extend the length of his probation by withholding credit for time served. On appeal, the State concedes that it did not introduce evidence sufficient for the district court to properly determine that Defendant was a fugitive. We agree and conclude that the State

did not present sufficient evidence to show it acted reasonably and diligently in attempting to serve Defendant with bench warrants, and thus insufficient evidence supports the district court's finding that Defendant was a fugitive. Accordingly, we reverse and remand.

**BACKGROUND**

**{2}** In February 2013, Defendant pleaded guilty to one count of child abuse. The district court partially suspended his sentence and entered an order placing him on probation for a period of three years, or 1,095 days. In May 2013, the State filed a petition to revoke Defendant's probation, asserting that Defendant committed various technical violations. The probation violation report alleged that during a home visit, Defendant's probation officer was informed that Defendant had packed up and moved out. On June 2, 2013, the district court issued a bench warrant, which the State entered into the National Crime Information Center database (NCIC) two days later.

**{3}** In January 2015, Defendant was arrested in Arizona on unrelated charges and remanded to the custody of the Arizona Department of Corrections. That same day, the State removed the warrant from NCIC in order to extradite Defendant back to New Mexico. In August 2017, Defendant was released from the custody of the Arizona Department of Corrections, but Defendant was not extradited to New Mexico, nor did the State serve the bench warrant on Defendant.

**{4}** On June 11, 2018, on the State's motion, the district court reissued the bench warrant, nunc pro tunc, to the date the warrant was originally issued. The State entered the reissued warrant into NCIC on June 14, 2018. Defendant was arrested on this warrant in Arizona in October 2018. At some point, Defendant was reincarcerated in Arizona. On January 23, 2022, Defendant was served with both the original warrant and the reissued warrant while in Arizona custody, and he was extradited back to New Mexico.

**{5}** A couple of weeks later, Defendant filed a motion for a fugitive status hearing and sought discharge from probation. At the evidentiary hearing on the motion, the State did not introduce any documents or witness testimony. The district court denied Defendant's requested relief, finding the State had presented sufficient evidence to establish that he was a "fugitive" under NMSA 1978, Section 31-21-15(B)(C) (2016) and that he was therefore not entitled to credit for time spent on probation.

**{6}** In March 2022, the district court entered its order revoking Defendant's probation and resentenced him. The district court denied him credit against his probation from (1) June 2, 2013, the day the bench warrant was initially issued, through January 27, 2015, the day Defendant was arrested in Arizona, and (2) June 11, 2018, the date the bench warrant was reissued nunc pro tunc, until January 23, 2022, the date Defendant was taken into the State's custody. Defendant appeals.

**DISCUSSION**

**{7}**     Defendant argues that the district court erred in denying him probation credit during the periods outlined above. On appeal, the State concedes that it did not provide evidence that there had been any attempts to serve the warrants on Defendant or that any such attempts would have been futile. While we are not bound by the State's concession, *see State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we agree.

**{8}**     We review the district court's decision of whether a defendant is entitled to credit or is instead a fugitive for substantial evidence. *State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). In reviewing the record for substantial evidence, "we must resolve all disputed facts in favor of the [district] court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary." *Id.* (internal quotation marks and citation omitted).

**{9}**     On revocation of probation, a defendant shall be credited for any time served on probation unless the district court determines that the defendant was a "fugitive." Section 31-21-15(B), (C); *see State v. Neal*, 2007-NMCA-086, ¶ 30, 142 N.M. 487, 167 P.3d 935 ("A fugitive is not entitled to probation credit from the date of the violation to the date of arrest."). A defendant is a "fugitive from justice" if "a warrant for the return of a probationer cannot be served." Section 31-21-15(C). "[A]n arrest warrant is served by arresting the defendant, meaning by taking [them] into physical custody and bringing [them] before the court." *State v. McDonald*, 1991-NMCA-132, ¶ 15, 113 N.M. 305, 825 P.2d 238; *see* NMSA 1978, § 31-1-4(C) (2021). The state bears "the burden of proving that a defendant [was] a fugitive." *State v. Thomas*, 1991-NMCA-131, ¶ 9, 113 N.M. 298, 825 P.2d 231, *overruled on other grounds by Jimenez*, 2004-NMSC-012, ¶ 11. Thus, "[a] defendant is entitled to credit for any time on probation, unless the [s]tate can show either (1) it unsuccessfully attempted to serve [a] warrant on the defendant or (2) any attempt to serve the defendant would have been futile." *Jimenez*, 2004-NMSC-012, ¶ 8. Additionally, "[t]he state must ordinarily prove that it issued a warrant for the [defendant]'s arrest and entered it in [NCIC] in order to support a finding of fugitive status." *Neal*, 2007-NMCA-086, ¶ 31. "At a minimum, the state must present some evidence that raises a reasonable inference that the warrant could not be served with reasonable diligence." *Id.* ¶ 34 (internal quotation marks and citation omitted).

**{10}**     Although the State entered both the initial warrant and the reissued warrant into NCIC, the State never argued below that it made efforts to serve Defendant with the warrant, and on appeal concedes that it did not present any evidence of its efforts to serve the warrant. *See Neal*, 2007-NMCA-086, ¶¶ 32-34 (holding that the defendant was not a fugitive when the state entered the arrest warrant into NCIC but failed to present evidence "that the warrant could not be served with reasonable diligence." (internal quotation marks and citation omitted)). Accordingly, we are left to decide a single issue: whether substantial evidence supports the district court's finding that any effort to serve the warrants on Defendant would have been futile.

**{11}** The State may meet its burden to show a defendant was a fugitive by introducing evidence that any effort to serve the defendant with an arrest warrant would have been futile. *See Jimenez*, 2004-NMSC-012, ¶ 15. Service attempts are futile when a defendant cannot be taken into custody under the authority of the warrant. *See McDonald*, 1991-NMCA-132, ¶¶ 14-18 (upholding a finding of fugitive status when the defendant could not have been served with a warrant while incarcerated in a foreign jurisdiction). However, a defendant's presence in another state, absent any evidence of "any reasonable efforts taken on the part of the [s]tate to locate [a d]efendant and issue such a warrant," is not sufficient evidence to support a finding of fugitive status. *State v. Hinojos*, 2014-NMCA-067, ¶ 12, 327 P.3d 1120. For example, in *Hinojos*, this Court held that "[e]ven if service of a warrant would have been futile due to his out of state incarceration, [the d]efendant could not be found to be a fugitive when no reasonable efforts were made to discover his location before or after a warrant was issued." *Id.*

**{12}** Like in *Hinojos*, in this case, the State did not introduce any evidence of its efforts to discover Defendant's location before or after the warrants were issued. *See id.* Defendant cannot be considered a fugitive when the State made no effort, before or after the warrants were issued, to locate and serve him. *See id.* Defendant's probation officer went to Defendant's last known address before the initial warrant was issued and learned that he "had packed up all of his belongings and left without any explanation," but the State did not make any assertions or introduce any evidence that it tried to locate him before the warrants were issued. Moreover, the State presented no evidence suggesting it attempted to serve him with the warrants after they were issued. It is the State's burden to prove that it made reasonable efforts to locate and serve Defendant with either warrant. *See Thomas*, 1991-NMCA-131, ¶ 9. Presenting no evidence of any attempt to have an arrest warrant served cannot be considered a reasonable effort. *See Neal*, 2007-NMCA-086, ¶¶ 33-34. Therefore, substantial evidence does not support the district court's finding that he was a fugitive during the periods of time identified by Defendant because the State made no reasonable efforts to discover his location and serve him with the warrant.

**{13}** Having determined that the district court erred in finding Defendant was a fugitive within the meaning of Section 31-21-15(C), we now turn to the remedy. Defendant was originally given a suspended sentence of 1,095 days. The parties agree that the district court correctly credited the following periods of time toward Defendant's probation: (1) February 6, 2013, through June 1, 2013 (116 days); (2) August 16, 2017, through June 10, 2018 (299 days); and (3) January 23, 2022, through March 10, 2022 (47 days). Additionally, the district court credited Defendant with twenty (20) days of presentence confinement credit.

**{14}** In concluding that the district court erred in finding Defendant was a fugitive, we also hold that the district court improperly withheld probationary credit from his sentence. As considered above, Defendant should have been credited for June 2, 2013, until January 27, 2015 (605 days), and June 11, 2018, until January 22, 2022 (1,322 days). Altogether, these credits amount to 2,409 days—far more than the suspended sentence imposed on Defendant. Thus, Defendant's term of probation was completed

before March 31, 2022, when the district court entered its order revoking Defendant's probation and resentencing him. It was beyond the power of the district court to revoke or otherwise alter the term of his probation when Defendant already completed the term of his probation. *See State v. Ordunez*, 2012-NMSC-024, ¶ 9, 283 P.3d 282 (stating that courts lose the "jurisdiction to revoke probation or to impose any sanctions for violation of probation conditions once the probationary period has expired, even for violations occurring and revocation motions filed before expiration of probation"). Because the district court revoked Defendant's probation after it was completed, it acted without jurisdiction. *See id.* We therefore reverse the district court's denial of Defendant's motion for satisfactory discharge from probation and remand to the district court with instructions to immediately vacate the order revoking probation, grant Defendant a satisfactory discharge from probation, and recognize the completion of his underlying suspended sentence.

**CONCLUSION**

**{15}** For the foregoing reasons, we reverse and remand to the district court for proceedings in accordance with this opinion.

**{16} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KRISTINA BOGARDUS, Judge**