This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41501**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JONATHAN ZARAGOZA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appealed following the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to uphold the disposition. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information has been set forth. We will avoid undue reiteration here, and focus instead on the substantive content of the memorandum in opposition.

**{3}** Defendant continues to challenge the sufficiency of the evidence to establish that he violated the terms and conditions of his probation. [MIO 4-7] However, as Defendant acknowledges, [DS 4; MIO 2-3] Adult Probation & Parole Officer (APPO) White testified that Defendant failed to complete the court-ordered treatment program at Step House, as required. This testimony is sufficient to establish a violation. *See, e.g.*, *State v. Guthrie*, 2011-NMSC-014, ¶¶ 1, 45, 49, 150 N.M. 84, 257 P.3d 904 (concluding that a probation officer's testimony that the defendant failed to complete a court-ordered treatment program was sufficient to establish a probation violation and to support revocation). Although Defendant challenges the value of APPO White's testimony on grounds that she lacked personal knowledge, [MIO 5-7] this does not render her testimony inadmissible or insubstantial. *See, e.g.*, *id.* ¶¶ 1-8, 17-19, 34, 45-49 (arriving at a similar conclusion under analogous circumstances). We therefore reject Defendant's challenge to the sufficiency of the evidence to establish his willful violation of the terms and conditions of his probation.

**{4}** Defendant also renews his related contention that the State's failure to call a witness from the treatment program to testify violated his right to due process. [BIC 7-11] We remain unpersuaded. In *Guthrie*, the Court concluded that the state was not required to call an individual from a treatment program to testify to the "objective, negative, and rather routine fact" that the probationer had failed to complete the program. *Id.* ¶ 46. We similarly conclude that good cause supports the district court's decision in this case, and that Defendant's due process rights were not violated by the State's failure to call an individual from the Step House program.

**{5}** We further understand Defendant to newly contend that the district court erred in permitting APPO White to testify by video. [MIO 9-10] As we previously observed, [CN 2-3] in probation revocation proceedings, "the full panoply of rights due a defendant in a criminal trial do not apply." *Id.* ¶ 10 (alterations, internal quotation marks, and citation omitted). In this context our analysis of good cause for not allowing confrontation is "a kind of spectrum or sliding scale," *id.* ¶ 40, that balances competing interests in deciding whether confrontation is a procedural protection that the particular situation demands to achieve the truth-finding goal of evaluating contested relevant facts. *See id.* ¶¶ 12, 33, 34, 36, 40. In this case, we discern no reversible error in the district court's decision to permit APPO White to testify via video. Although APPO White's testimony concerning Defendant's failure to complete the treatment program was central to the reasons for revocation, this uncontested testimony was made by a seemingly-neutral third party with no apparent, nor argued, motive to fabricate. *See id.* ¶ 40 ("On one end of the spectrum, where good cause for not requiring confrontation is likely, we would include situations in which the state's evidence is uncontested, corroborated by other reliable evidence, and documented by a reliable source without a motive to fabricate, . . . making the demeanor and credibility of the witness less relevant to the truth-finding process."). While Defendant does cite authority discussing generally the policy considerations

underlying our general preference for live, in-person testimony, [MIO 10] we conclude that the balance struck by our Supreme Court in *Guthrie* weighs in favor of "good cause" and does not require in-person confrontation of APPO White. Consequently, we conclude that Defendant's due process rights were not violated by the allowance of the video testimony.

**{6}** Finally, Defendant continues to assert that the district court erred in declining to hold that more specific testimony identifying Defendant was required. [MIO 11] For the reasons previously stated, [CN 4] we remain unpersuaded. *See State v. Jimenez*, 2003-NMCA-026, ¶¶ 12, 16, 133 N.M. 349, 62 P.3d 1231, *rev'd in part on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461 (holding that the defendant's voluntary appearance in court, together with defense counsel's appearance on his behalf, was sufficient to establish that the defendant was present to answer the allegation that he had violated his probation; and further concluding that "a ritualistic proof of identity" in probation revocation hearings is unnecessary).

**{7}** Accordingly, for the reasons set forth in the notice of proposed summary disposition and above, we affirm.

**{8}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**