This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41835**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SONDRA K. KIRKENDALL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mallory E. Harwood, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse and remand for resentencing.

**{2}** Defendant appeals from the district court's order revoking probation in three consolidated district court cases, arguing that the district court erred in finding Defendant was a fugitive and could therefore be denied credit for time served on probation. [BIC 1, 8, 10; 143 RP 188-91; 767 RP 148-51; 874 RP 180-83] "A defendant is entitled to credit for any time on probation, unless the [s]tate can show either (1) it unsuccessfully attempted to serve the warrant on the defendant *or* (2) any attempt to serve the defendant would have been futile." *State v. Jimenez*, 2004-NMSC-012, ¶ 8, 135 N.M. 442, 90 P.3d 461; *see also* NMSA 1978, § 31-21-15(C) (2016) ("If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice."). "Under this test, the [s]tate must demonstrate that it was diligent in attempting to bring the probationer before the court." *State v. Sosa*, 2014-NMCA-091, ¶ 15, 335 P.3d 764. We review a fugitive status determination for substantial evidence. *Jimenez*, 2004-NMSC-012, ¶ 14. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). In conducting our review, "we must resolve all disputed facts in favor of the trial court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary." *Id.* (internal quotation marks and citation omitted).

**{3}** The proceedings at issue were initiated upon the State's third motion to revoke Defendant's probation, based on allegations that Defendant violated the terms of her probation by leaving in-patient treatment at Women's Recovery Academy (WRA) without completing either her treatment program or the required aftercare. [BIC 3-4; 143 RP 150-54; 767 RP 110-13; 874 RP 142-46] On September 21, 2021, the district court ordered a bench warrant, and Defendant was served with the warrant on November 3, 2023. [BIC 4; 143 RP 157, 160; 767 RP 117, 120; 874 RP 150, 152] At the probation violation hearing, Adult Probation and Parole Officer Andres Aguilar testified that the bench warrant was entered in the National Crime Information Center (NCIC) database and that there were no further attempts to serve the warrant on Defendant or otherwise locate her. [1/12/24 CD 8:57:30-58:06, 8:58:58-59:28, 8:59:28-54, 9:01:38-56] Officer Aguilar testified that he did not attempt to locate Defendant at any of the several previous addresses on file for Defendant because they were "fairly old," and further testified that the most recent address on file for Defendant was the WRA, where it would not have been useful to try to locate or serve Defendant given her premature departure therefrom. [Id.] Officer Aguilar confirmed that in the more than two years between the order for the warrant and its eventual service on Defendant, no efforts were made to locate Defendant, including at any of the addresses of record from her previous terms of probation. [1/12/24 CD 8:57:30-58:06, 8:59:28-54, 9:04:10-22] Officer Aguilar stated that he did not know whether there was any indication of relatives in the area who Defendant might have been staying with. [1/12/24 CD 8:59:54-9:00:05] Officer Aguilar further testified that there was "basically nothing [the probation supervisors] can do" without a current address for a probationer. [1/12/24 CD 8:57:30-58:06, 8:59:28-54, 9:04:10-22]

**{4}** At the close of the hearing, the district court made the following relevant findings: (1) Defendant violated the conditions of her probation by failing to either complete her

treatment plan at the WRA or check in with the probation department after leaving the WRA; (2) Defendant was a fugitive from September 21, 2021, until November 3, 2023; (3) the current address the probation department had on file for Defendant was for the WRA and it would not have been useful to attempt to serve her there; and (4) the warrant was entered in the NCIC. [1/12/24 CD 9:07:05-55] The district court revoked Defendant's probation and sentenced her to approximately eleven years and nine months of incarceration, including 772 days of "dead time" that we understand to be representative of the period during which the district court found Defendant to be a fugitive. [BIC 1, 7-8, 12; AB 5-6; 143 RP 184-86]

{5}     On appeal, Defendant argues that the district court (1) erroneously found that Defendant was a fugitive absent evidence of any attempts to locate her or serve her with the warrant until November 2023; and (2) failed to award Defendant sufficient credit for her time on probation based on its erroneous finding that she was a fugitive. [BIC 8, 10] The State answers that it presented evidence at Defendant's probation revocation hearing sufficient to establish that the warrant was entered into the NCIC database and it would have been futile to attempt to either locate or serve the warrant on Defendant without information regarding her current address or whereabouts. [AB 6-7, 9-11] Here, Officer Aguilar explicitly testified that the probation department did not make any attempts to serve the warrant on Defendant or otherwise locate her once the warrant was issued. Our analysis therefore centers on whether substantial evidence supported the district court's findings that Defendant was a fugitive because any attempt to serve Defendant would have been futile. *See Jimenez*, 2004-NMSC-012, ¶¶ 8, 14.

{6}     To support a finding of fugitive status, "[t]he state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the [NCIC] database." *State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935. In addition to entering a warrant in the NCIC database, the State must also, "[a]t a minimum, . . . present some evidence that raises a reasonable inference that the warrant could not be served with reasonable diligence." *See id.* ¶ 34 (internal quotation marks and citation omitted); *see also State v. Thomas*, 1991-NMCA-131, ¶ 10, 113 N.M. 298, 825 P.2d 231 ("A bare showing that the warrant was issued but not served is not sufficient to establish that a probationer is a fugitive. Instead, . . . the state is required, at a minimum, to show that the state attempted to serve the warrant but was unable to or that it would have failed to serve the warrant if it had attempted to do so."), *overruled on other grounds by Jimenez*, 2004-NMSC-012, ¶ 11. Indeed, this Court has made clear that substantial evidence to support classification as a fugitive requires at least some evidence of the State's attempt to serve or locate the defendant. S*ee Neal*, 2007-NMCA-086, ¶ 34; *Jimenez*, 2004-NMSC-012, ¶ 8; *Thomas*, 1991-NMCA-131, ¶ 10.

{7}     Further, this Court has declined to hold "that the mere issuance of a warrant, coupled with a lack of service, for whatever reason, raises a reasonable inference that the warrant could not be served with reasonable diligence." *Thomas*, 1991-NMCA-131, ¶ 16. Rather, when the record indicates that the State failed to make any showing of its efforts to serve or locate the defendant, as occurred here, this Court has concluded the evidence to be insufficient to support a finding that a defendant is a fugitive based on

futility. *See id.* ¶¶ 16-17 (holding that the record on appeal was insufficient to establish that any attempt to serve the defendant would be futile because the state failed to make "any showing whatsoever concerning its efforts to serve the arrest warrant on," or otherwise locate, the defendant). Additionally, although the State argues—as Officer Aguilar testified—that there was nothing the probation department could do to locate or serve Defendant with the warrant without an updated address, this Court has held that evidence of a defendant's failure to inform their probation officer of their current address does not support an inference that the probation officer was unaware of the defendant's location. *See Neal*, 2007-NMCA-086, ¶ 33.

{8}    It is the State's burden to prove that it made reasonable efforts to locate and serve Defendant with the warrant, and a complete lack of evidence that any attempt was made to either serve Defendant with the warrant or determine Defendant's location cannot be considered a reasonable effort. *See Thomas*, 1991-NMCA-131. ¶ 9; *Neal*, 2007-NMCA-086, ¶¶ 32-34. We therefore conclude that the State did not satisfy its burden to establish that Defendant was a fugitive for purposes of denying her credit for time served on probation.

{9}    Based on the foregoing, we reverse and remand for resentencing.

{10}   IT IS SO ORDERED.

MEGAN P. DUFFY, Judge

WE CONCUR:

J. MILES HANISEE, Judge

JANE B. YOHALEM, Judge